IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Debora Townsend,<br><br>     Plaintiff,<br>  v.<br><br>Whole Foods Market, et al.,<br><br>     Defendants. | NO. C 07-05714 JW<br><br>**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS; ORDER DISMISSING COMPLAINT WITH PREJUDICE** |

## I. INTRODUCTION

Pursuant to 28 U.S.C. § 1915(a), Debora Townsend ("Plaintiff"), has filed an Application to Proceed in Forma Pauperis based on her declaration of poverty in this action against Whole Foods Market ("Defendant"). (Docket Item No. 7.) For the reasons set forth below, the Court GRANTS Plaintiff's application. However, the Court DISMISSES the complaint for lack of subject matter jurisdiction.

## II. DISCUSSION

### A. Eligibility to Proceed In Forma Pauperis

Title 28 U.S.C. Section 1915(a)(1) provides that "Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to

pay such fees or give security therefor." Section 1915 further states that "such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915.

Although the Ninth Circuit has not directly addressed whether non-prisoners may bring suit in forma pauperis under the 1996 amendment to § 1915(a), other circuits have found that this right still exists. Floyd v. United States Postal Serv., 105 F.3d 274, 275-77 (6th Cir. 1997) (overruled on other grounds); Schagene v. U.S., 37 Fed. Cl. 661, 662 (Fed. Cl. 1997); see also Leonard v. Lacy, 88 F.3d 181, 183 (2d Cir. 1996). In addition, the Supreme Court has held that an in forma pauperis applicant need not be "absolutely destitute to enjoy the benefit of the statute." Adkins v. E.I. Du Pont De Nemours & Co., 335 U.S. 331, 339 (1948). It is sufficient if an applicant provides an affidavit stating that because of his poverty, he cannot "pay or give security for the costs" of a suit. Id.

In this case, Plaintiff's affidavit does not clearly state that she is unemployed and has no assets. However, the Court infers from her declaration that she is not currently employed and cannot pay the filing fees required in this action. (Docket Item No. 7.) Based on Plaintiff's declaration of poverty, the Court GRANTS Plaintiff's Application to Proceed in Forma Pauperis.

**B.    Lack of Subject Matter Jurisdiction**

    **1.    Plaintiff's Complaint**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the court shall dismiss the case at any time if the court determines that it "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); See also Denton v. Hernandez, 504 U.S. 25, 27 (1992). Accordingly, the Court proceeds to examine Plaintiff's tendered Complaint, which alleges as follows:

    Plaintiff was injured when she ate tainted rice sold by Defendant. (Complaint at 11.) Plaintiff brought an action against Defendant in Santa Clara Superior Court. (Id. at 10.) On January 4, 2007, the Superior Court granted summary judgment in favor of Defendant. (Id.)

2

On June 22, 2007, Plaintiff appealed to the California Court of Appeals for the Sixth District. (Id) On August 8, 2007, the Court of Appeals dismissed Plaintiff's appeal. (Id.) On September 10, 2007, Plaintiff filed a petition for review with the California Supreme Court. (Id.) On October 17, 2007, the California Supreme Court denied Plaintiff's petition for review.

On October 22, 2007, Plaintiff filed an appeal with the Ninth Circuit Court of Appeals. (Id.) The Ninth Circuit directed Plaintiff to file suit in District Court. (Id.)

On the basis of the allegations outlined above, Plaintiff alleges various constitutional and civil rights violations and seeks a reversal of the California state courts' decisions. (Complaint at 2.)

### 2. Plaintiff's Complaint is Barred by *Rooker-Feldman*

A federal district court does not have the authority to adjudicate the case before it when subject matter jurisdiction is lacking. See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375 (1994). Under what is known as the "*Rooker-Feldman*" doctrine, a federal district court has no authority to review the final determinations of a state court in judicial proceedings. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923). Instead, the proper court in which to obtain such review is the United States Supreme Court. 28 U.S.C. § 1257; Feldman, 460 U.S. at 476. The *Rooker-Feldman* doctrine precludes not only review of decisions of the state's highest court, but also those of its lower courts. See Dubinka v. Judges of Superior Court, 23 F.3d 218, 221 (9th Cir. 1994). A challenge under the *Rooker-Feldman* doctrine is a challenge for lack of subject matter jurisdiction and may be raised at any time by either party or *sua sponte* by the Court. Olson Farms, Inc. v. Barbosa, 134 F.3d 933, 937 (9th Cir. 1998).

Here, Plaintiff alleges an injury based on the state courts' judgments. For example, Plaintiff alleges that the "Superior Court did not consider all inferences reasonably deductible from evidence. The [Superior] Court did not liberally construe Plaintiff's evidence." (Complaint at 85.) To

3

entertain Plaintiff's challenge and grant relief, the Court would be required to review and invalidate the state courts' decisions, an exercise precluded by the *Rooker-Feldman* doctrine.

Further, Plaintiff cannot escape the *Rooker-Feldman* doctrine by making vague allegations regarding the alleged fraud committed by Alan Trock, counsel for Defendant Whole Foods Market in the state actions. While Plaintiff alleges that Trock committed fraud on the state courts, she does not allege, for example, a conspiracy between Trock and the superior court judges who presided over her case to deprive her of her federal constitutional rights. See Astrella & Rice, P.C., 442 F. Supp. 2d 829, 836-837 (N.D. Cal. 2006); Ricotta v. State of California, 4 F. Supp. 2d 961, 984-985 (S.D. Cal. 1998). As the Ninth Circuit has held:

> The *Rooker-Feldman* doctrine prevents lower federal courts from exercising jurisdiction over any claim that is "inextricable intertwined" with the decision of a state court, even where the party does not directly challenge the merits of the state court's decision but rather brings an indirect challenge based on constitutional principle. Thus, *Rooker-Feldman* bars federal adjudication of any suit in which a plaintiff alleges an injury based on a state court judgment and seeks relief from that judgment, not only direct appeals from a state court's decision.

Bianchi v. Rylaarsdam, 334 F.3d 895, 900 n. 4 (9th Cir. 2003) (internal citations omitted).

Accordingly, the Court finds that viewing the Complaint in a light most favorable to the Plaintiff, the Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine. The Complaint is ordered DISMISSED.

**C.    Dismissal is With Prejudice**

A court should only dismiss a complaint without leave to amend when "the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." Lopez v. Smith, 203 F.3d 1122, 1128 (9th Cir. 2000) (quoting Gomez v. USAA Federal Savings Bank, 171 F.3d 794 (2d Cir. 1999). In this case, since the Court lacks subject matter over any appeal from Plaintiff's state law action, leave to amend would be futile. Accordingly, the Court dismisses the Complaint with prejudice.

4

### III. CONCLUSION

The Court GRANTS Plaintiff's Motion to Proceed In Forma Pauperis. However, the Court DISMISSES Plaintiff's Complaint with prejudice.

Dated:  December 6, 2007

JAMES WARE
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Alan Lawrence Trock alantrock@mindspring.com

Debora Townsend
Post Office Box 391291
Mountain View, CA 94039

**Dated: December 6, 2007**          **Richard W. Wieking, Clerk**

                                                **By:  /s/ JW Chambers**
                                                      **Elizabeth Garcia**
                                                      **Courtroom Deputy**

United States District Court
For the Northern District of California