*IFP*
*No Fee Taken*

UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT
95 Seventh Street, San Francisco CA 94119

**Filed**
DEC 1 8 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

Northern District of California:
Civil Action. Case No.: #C07-05714.

| | |
|---|---|
| DEBORA TOWNSEND, )<br>Appellant and Plaintiff, )<br>)<br>v. )<br>)<br>WHOLE FOODS MARKET, )<br>Defendant and Respondent. )<br>(Alan Trock, attorney) )<br>) | **Appellant Notice of Appeal**<br><br>To a U.S. Court of Appeals from Complaint dismissal judgment of U.S. District Court. (FRAP 4(a)(1)((A);(2).<br><br>Demand for near-fatal foodborne illness injuries (f.b.i.). And address Whole Foods Market's and Alan Trock's federal crimes offenses violations. |

(US District Court-Northern District of Calif, San Jose-Civil #C07-05174. Appeal from Complaint dismissal judgment of US District Court, The Honorable James Ware, Judge. /Calif. Supreme Court #S155629. /Calif. Court of Appeal-Sixth Appellate District #H031711. /San Jose Superior Court #1-05-CV-053182. Appeal from a summary judgment of the Superior Court of California, County of Santa Clara; The Honorable Neal A. Cabrinha, Judge. Participating: Hon. Cabrinha, Hon. Manoukian, Hon. Elfving).

---

**NOTICE IS HEREBY GIVEN** to defendant Whole Foods Market and their attorney Alan Trock (at 24911 Avenue Stanford #102 Valencia CA 91355; tel: 661.253.0075; state bar #86623), that Appellant Plaintiff-Victim Debora Townsend in the above named case *Debora Townsend v. Whole Foods Market,* hereby appeals to the United States Court of Appeals for the Ninth Circuit from Complaint dismissal judgment of the U.S. District Court-Northern District of California entered in this action on the 06th day of December 2007.

18 USCS §501, §876, §1341, §1342, §1346, §1365, §1512, §1513, §1514, §1515, §1623, §1914, §1951, §1961. 15 USCS §41. 21 USCS §16, §17, §331, §342, §343, §351, §352, §355, §378, §607, §611. 42 USCS §262. And also: PC §186.2(a)(6), (7),(20); PC §470-2., -19., -20., -21., -27., -31., -43., -47; PC §475; PC §484; PC §347; PC §382; PC §383; HS §110545; HS §110550; HS §110560; HS §110565; HS §110570; HS §114020; CCP §473; §474; §205.12[5][a]; §1008; §2023(b); §2023.030; §537.33(2); CCP §537.34(1); §537.39; CFP §489.133. CCP §425.11.

Page 1 of 11

APPELLANT NOTICE OF APPEAL, CONTD

To a U.S. Court of Appeals from Complaint dismissal judgment of U.S. District Court.

Case: *Debora Townsend v. Whole Foods Market.*

U.S. District Court-Northern District of California, Case #C07-05714.

## (A) SUBJECT MATTER JURISDICTIONAL STATEMENT

Federal Jurisdiction is asserted pursuant to the United States Code Service: 18 USCS §501, §876, §1341, §1342, §1346, §1365, §1512, §1513, §1514, §1515, §1623, §1916, §1951; 21 USCS §16, §17, §342, §343, §351, §352, §378, §607, §611; 42 USCS §262, as well as additional applicable laws and statutes herein this document packet and which may be submitted in the future. This court has jurisdiction over this complaint because it arises under the laws of the United States. Due to: (1) federal laws violated by defendant and their attorney Alan Trock during superior court case; (2) federal issues of which Federal Court precedent controls; (3) inconsistent state law of which Federal law preempts; and (4) Constitutional violations by defendant Whole Foods Market and their attorney Alan Trock in the California superior court: this complaint and lawsuit are being filed with federal court for relief and justice.

1) CLAIM: federal subject matter jurisdiction on which monetary relief may be granted:

U.S. FDA violations and Title 18 offenses of U.S. Code Service, Whole Foods Market tampered with consumer food products and served contaminated rice causing Plaintiff near-fatal parasites & bacterial infections foodborne illness in this individual personal injury tort on which relief and monetary relief may be granted. Near-fatally infecting Plaintiff with adulterated contaminated rice containing: (1) feces bacteria pathogenic Escherichia coli (E.coli); (2) bacteria pathogenic Staphylococcus aureus; (3) parasites bacteria pathogenic Bacillus cereus; (4) worms larvae parasites pathogenic fungus Yeast;

APPELLANT NOTICE OF APPEAL, CONTD

To a U.S. Court of Appeals from Complaint dismissal judgment of U.S. District Court.

Case: *Debora Townsend v. Whole Foods Market.*

U.S. District Court-Northern District of California, Case #C07-05714.

and (5) worms larvae parasites pathogenic fungus Mold. Almost killed Plaintiff and took over two years to clean up, caused permanent damage, with lingering problems still. With reckless regard, causing serious bodily injury, placing in danger of death, and manifesting extreme indifference. Contaminated rice food which was served to the public. Food not fit for human consumption.

This case has a serious profound effect on public safety and lives & health of large portion of thousands of California population & the U.S. population due to defendant Whole Foods Market and their attorney Alan Trock covering-up over ten years of spreading disease & sickness of estimated 200,000+ incidents of parasites & bacterial infections foodborne illness epidemic OUTBREAK and hiding it from the Authorities. (18 USCS §1365. 15 USCS §41. 21 USCS §16, §17, §331, §342, §343, §351, §352, §355, §378, §607, §611. 42 USCS §262. Calif. Code Civil Procedure §425.11. Calif. Health & Safety Code §110545; §110550; §110560; §110565; §110570, §114020. PC §347, §382, §383). (Complaint, p. 1-95, exhibits).

2) <u>Federal issues:</u> There has been a significant error of law. It is necessary to settle an important question of law.

3) <u>Federal issues:</u> This case includes but is not limited to the following federal subject matter jurisdiction claims: personal injury; assault; other personal injury; personal injury product liability; personal property; other fraud; food and drug violations; food product tampering; false labeling; false advertising; mail fraud; false declarations; extortion; fictitiously using names of superior court, judge and

APPELLANT NOTICE OF APPEAL, CONTD

To a U.S. Court of Appeals from Complaint dismissal judgment of U.S. District Court.

Case: *Debora Townsend v. Whole Foods Market.*

U.S. District Court-Northern District of California, Case #C07-05714.

deputy in spurious documents demanding money from Plaintiff; fraud-obtained orders and sanction; swindling; counterfeiting; forgery; racketeering; and corruption by defendant Whole Foods Market and their attorney Alan Trock which defrauded Plaintiff Ms. Townsend.

**4)** <u>Federal issues</u>: Request the Court recommends Alan Trock's disbarment for defrauding, fraud, and mail-fraud, and counterfeiting, and forgery, and extortion, and fictitiously using superior court's name, judge's name, and deputy's name in spurious documents fraud-obtained sanction and orders & judgments which also put the superior court case in default in November 2006. Actions all of which are against and contrary to Federal laws and ruling, making state decision non-binding and inconsistent. (18 USCS §501, §876, §1341, §1342, §1346, §1512, §1513, §1514, §1515, §1623, §1914, §1951, §1961). (Calif. Code Civ.Proced. CCP §473; §489.133; §474; §205.12[5][a]; §1008; §2023(b); §2023.030. CFP §537.33(2); §537.34(1); §537.39. Calif. Penal Code PC §186.2(a)(6), (7),(20); PC §470-2., -19., -20., -21.,-27.,-31., 43.,-47; PC §475; PC §484.).

The following addresses the District Court's 12/06/2007 "Order Dismissing Complaint with prejudice" for lack of subject matter jurisdiction; in that document items #II-B1, II-B2, C; which was based on the standard of *Rooker-Feldman*.:

APPELLANT NOTICE OF APPEAL, CONTD

To a U.S. Court of Appeals from Complaint dismissal judgment of U.S. District Court.

Case: *Debora Townsend v. Whole Foods Market.*

U.S. District Court-Northern District of California, Case #C07-05714.

## ROOKER-FELDMAN DOCTRINE MISAPPLIED TO VICTIM'S COMPLAINT.

## PLAINTIFF'S COMPLAINT IS *NOT* BARRED BY ROOKER-FELDMAN.

(Re: B1- Lack of Subject Matter Jurisdiction-Plaintiff's Complaint;

B2- Lack of Subject Matter Jurisdiction-Plaintiff's Complaint barred by Rooker-Feldman;

C- Dismissal of the victim Plaintiff's Complaint):

Under *Rooker-Feldman* analysis, federal courts have been relying on whether the claim raised in district court is "inextricably intertwined" with a state court's decision. Feldman 460 US 462, 482 n..16. With language like that as a guide, courts have tried to figure out the nexus between the state action and the federal claim, tending to expand the doctrine. Note: Rooker-Feldman: *Whate Does It Mean to be Inextricably Intertwined?*, 56 Duke L.J. 643, 651 (2006). However, a fairly recent Supreme Court decision suggests that such a determination should not be as prominent a basis for inquiry. In *Exxon Mobil Corp v Saudi Basic Industries Corp* 544 US 280 (2005), the Court stated:

> "The *Rooker-Feldman* doctrine, we hold today, is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments. *Rooker-Feldman* does not otherwise override or supplant preclusion doctrine or augment the circumscribed doctrines that allow federal courts to stay or dismiss proceedings in deference to state-court actions."

Id. at 284.

In the 9th Circuit, a decision rendered before *Exxon Mobil*, but apparently harmonious with its approach to *Rooker-Feldman* (see Note,supra, at 671; Thomas D. Rowe, Jr & Edward L. Baskauskas,

APPELLANT NOTICE OF APPEAL, CONTD

To a U.S. Court of Appeals from Complaint dismissal judgment of U.S. District Court.

Case: *Debora Townsend v. Whole Foods Market.*
U.S. District Court-Northern District of California, Case #C07-05714.


*"Inextricably Intertwined" Explained at Last?* Rooker-Feldman *Analysis After the Supreme Court's Exxon Mobil DecisionI,* 2006 FedCts. L.Rev.1, 13.) In Noel v Hall 341 F.3d 1148 (9thCir 2003) the inquiry has two steps- first if the plaintiff is seeking to bring a forbidden de facto appeal of a state court judgment. If so, then the court determines if the plaintiff is seeking to litigate an issue that is inextricably intertwined with the state court judicial decisin from which the forbidden appeal is brought." Note, *supra* at 671. A suit is not precluded just because it is inextricably intertwined with something. (*Noel*, supra, at 1158).

Applying the Noel two-step test, the 9th Circuit did find for a plaintiff under this *Rooker-Feldman* analysis. In *Kougasian v TMSL, Inc,* 359 F.3d 1136 (9thCir. 2004), even though a plaintiff was seeking relief from a state court judgment, she did not complain of a legal wrong committed by the state court. Instead, she alleged that "wrongful acts of the defendants were responsible for the [state] court's erroneous judgment. *Id.* at 1139.

In determining whether a case involves a "forbidden de facto appeal", a federal district court should focus on the relief sought, not merely the issues raised.

> "[W]e cannot simply compare the *issues* involved in the state-court proceeding to those raised in the federal-court plaintiff's complaint" ... Rather, under *Rooker-Feldman,* "we must pay close attention the the *relief* sought by the federal court plaintiff."
> *Bianchi v Rylaarsdam,* 334 F.3d 895,900 (9thCir. 2003) (quoting *Kenmen Eng'g v City of Union,* 314 F.3d 468, 476 (10thCir. 2002). //

APPELLANT NOTICE OF APPEAL, CONTD

To a U.S. Court of Appeals from Complaint dismissal judgment of U.S. District Court.

Case: *Debora Townsend v. Whole Foods Market.*

U.S. District Court-Northern District of California, Case #C07-05714.

## ALAN TROCK'S ACTS OF FRAUD ARE SPECIFIC

## ACTIONS BEHAVIOR CONDUCT IN WHICH HE ENGAGED.

Can you accept violations of Constitutional rights, civil rights, due process of law, equal access to courts and crimes on judgments obtained by fraud?

Plaintiff Ms. Townsend does not make vague allegations regarding Alan Trock's fraud. Ms. Townsend specifically states what Alan Trock did (mail-fraud; counterfeiting and forgery of postage meter stamp; fictitously using superior court's name, judge's name, deputy's name in spurious documents mailed before Alan Trock went before the judge to present his motions 11/14/2006 Ex-Parte without Plaintiff representation due to his fraud, demanding money from the victim, to extort and defraud Plaintiff Ms. Townsend to fraud-obtain sanction, orders judgments, et al) which violated Plaintiff Ms. Townsend's constitutional rights and defrauded Plaintiff. Plaintiff states specifically when Alan Trock did it, and that the evidence was given to Mountain View Police. Such action behavior conduct constitute fraud under federal laws and state laws. Such action behavior conduct by Whole Foods Market and Alan Trock violated Plaintiff Ms. Townsend's constitutional rights under the 5th and 14th Amendments for equal protection, access to the courts and due process in this civil case. (Complaint, p. 26-36; p. 63-78; p. 79-94).

APPELLANT NOTICE OF APPEAL, CONTD

To a U.S. Court of Appeals from Complaint dismissal judgment of U.S. District Court.

Case: *Debora Townsend v. Whole Foods Market.*

U.S. District Court-Northern District of California, Case #C07-05714.

## (B) BASIS FOR U.S. COURT OF APPEALS' JURISDICTION

1. United States Code Service crimes and offenses committed and other violations: 18 USCS §501, §876, §1341, §1342, §1346, §1365, §1512, §1513, §1514, §1515, §1623, §1914, §1951, §1961. 15 USCS §41. 21 USCS §16, §17, §331, §342, §343, §351, §352, §355, §378, §607, §611. 42 USCS §262. (Complaint, p. 5-9).

2. The Constitution - 5th Amendment violations by defendant Whole Foods Market.

3. The Constitution - 14th Amendment violations by defendant Whole Foods Market.

4. U.S. Food & Drug Agency violations by defendant Whole Foods Market.

5. U.S. Federal Trade Commission anti-trust violations by defendant Whole Foods Market.

6. U.S. Public Safety & Welfare violations by defendant Whole Foods Market.

7. U.S. Postal Service crimes by Alan Trock.

## (C) FILING DATES ESTABLISHING TIMELINES OF APPEAL

> 11/09/2007: Plaintiff's federal Complaint filed with U.S. District Court.

> 12/06/2007: Complaint dismissal judgment citing lack of subject matter jurisdiction received from District Court.

> 12/18/2007: Plaintiff's Notice of Appeal filed with U.S. 9th Circuit Court of Appeals.

6/22/2007: within the 60-day deadline, in the Calilfornia Sixth Appellate Court of Appeal, Plaintiff filed a Notice of Appeal from Superior Court's 4/26/07 order denying Plaintiff's renewed motion for

APPELLANT NOTICE OF APPEAL, CONTD

To a U.S. Court of Appeals from Complaint dismissal judgment of U.S. District Court.

Case: *Debora Townsend v. Whole Foods Market.*

U.S. District Court-Northern District of California, Case #C07-05714.

reconsideration to vacate 01/04/2007 fraud-obtained fraud-positioned summary judgment due to Alan Trock's mail-fraud, counterfeiting & forgery; fictitious assumptions, and other acts of fraud in November & December 2006 which had also put the case in-default, and that this is a fully meritable issue (at which time on 4/26/07 the judge stated Plaintiff can file an appeal (within 60-days).

08/08/2007: state Court of Appeal granted respondent/defendant's 7/24/2007 'untimely filing' appeal dismissal motion dismissing Plaintiff's appeal. Appellant Opening Brief was never filed. Finality on the 8/08/07 decision in California Sixth Appellate Court of Appeal was on 9/07/2007.

8/23/2007: after service, Plaintiff Ms. Townsend delivered early-filing Appellant Petition for Review for fraud to California Supreme Court.

9/10/2007: Monday the first court date after the 9/07/07 finality, the California Supreme Court clerk's office filed Ms. Townsend's Petition for Review. Defendant did not respond to the Petition for Review. On 10/17/07 petition for review was denied by California Supreme Court. Appellant Opening Brief was never filed

On 10/22/07 Appellant Ms. Townsend filed federal Notice of Appeal with the United States Court of Appeal for the Ninth Circuit. Ninth Circuit said it needed to be filed in U.S. District Court.

11/09/2007: Ms. Townsend filed federal Complaint with U.S. District Court-Northern District of California.

12/06/2007: Complaint dismissed wrongly citing lack of subject matter jurisdiction, and misapplying *Rooker-Feldman* doctrine. Plaintiff filed timely federal appeal with U.S. 9th Circuit Court of Appeals.

APPELLANT NOTICE OF APPEAL, CONTD

To a U.S. Court of Appeals from Complaint dismissal judgment of U.S. District Court.

Case: *Debora Townsend v. Whole Foods Market.*

U.S. District Court-Northern District of California, Case #C07-05714.

To date, no court has upheld the federal crimes & laws and state crimes & laws violated by defendant Whole Foods Market and their attorney Alan Trock in their defraud, fraud and cover-up of serious foodborne illness outbreak, actions which also put the state case in-default in California superior court in November 2006. Plaintiff was defrauded of owed monetary relief.

### (D) ASSERTION APPEAL IS FROM A FINAL JUDGMENT

District Court 12/06/2007 wrongly dismissed Plaintiff Ms. Townsend's Complaint based on *Rooker-Feldman* doctrine citing lack of subject matter jurisdiction and closed the case.

### (E) STANDING

Plaintiff was born in, and is a citizen of, the United States of America. The Complaint and violations and issues stated come under the laws of the United States of America.



APPELLANT NOTICE OF APPEAL, CONTD

To a U.S. Court of Appeals from Complaint dismissal judgment of U.S. District Court.

Case: *Debora Townsend v. Whole Foods Market.*

U.S. District Court-Northern District of California, Case #C07-05714.

## CONCLUSION

The *Rooker-Feldman* standard/ doctrine was narrowed by *Exxon-Mobil*.

*Rooker-Feldman* doctrine is less expansive than what is stated by the district court 12/06/2007.

Respectfully, the *Rooker-Feldman* doctrine does *not* bar Appellant-Plaintiff victim Ms. Townsend's federal Complaint filed 11/09/2007 in district court.

Respectfully, the district court's *Rooker-Feldman* comments pertaining to Appellant-Plaintiff victim Ms. Townsend's federal Complaint are a misapplication, inconsistent, wrongly-decided.

By law, as stated in Plaintiff's 11/09/2007 Complaint, Appellant-Plaintiff victim Ms. Townsend has stated a claim on which monetary relief may be granted and stated subject matter jurisdiction, is legally entitled to and due monetary relief and justice for near-fatal foodborne illness personal injury by Whole Foods Market.

Plaintiff also requests the Court *not* allow Alan Trock to do any Ex-Partes due to his previous fraud history.

Plaintiff-Victim Debora Townsend hereby appeals to U.S. Ninth Circuit Court of Appeals for relief and justice.

Date: 12-18-2007

Debora Townsend
P.O. Box 391291 Mountain View CA 94039
(tel: 650.965.7092)
Appellant, Plaintiff Pro-Per.